## IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Ms. Barbara Lee** | * | |
| 1913 N. Rhode Street, Apt. 18 | | |
| Arlington, VA 22201 | * | |
|     **Plaintiff** | * | |
| v. | * | **Case No. _____** |
| **Blackboard, Inc.** | * | **JURY TRIAL REQUESTED** |
| 650 Massachusetts Avenue N.W. | | |
| Washington, DC 20001 | * | |
|     A Delaware Corporation | * | |
|     **Defendant** | * | |
| _____/ | | |

## COMPLAINT

Plaintiff, Ms. Barbara Lee, through undersigned counsel, states an action complaint against Defendant Blackboard, Inc. ("Defendant" or "Blackboard") pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and further states a supplemental wage/hour claim pursuant to the "Minimum Wage Act" of the District of Columbia, presently codified at D.C. CODE ANN. § 32-1001 et seq. ("D.C. Minimum Wage Act"), and demands a jury trial, as follows:

### Introduction, Venue, and Jurisdiction

1. Plaintiff is a resident of the Commonwealth of Virginia. By failing to pay the Plaintiff overtime amounts due, from time to time, Plaintiff alleges that Defendants violated the overtime provisions of the FLSA and the D.C. Minimum Wage Act.

2. In addition to actual sums owed, Plaintiffs seek liquidated damages pursuant to the FLSA, the D.C. Minimum Wage Act, and attorneys' fees and costs as provided under the FLSA and the D.C. Minimum Wage Act.

3. Blackboard, Inc., a Delaware corporation is an educational enterprise software application company with worldwide corporate headquarters in Washington, D.C., known for its Blackboard Learn learning management platform. Blackboard provides education, mobile, text message communication, and commerce software and related products and services to clients including private and public colleges and universities, K-12 schools and other education providers, textbook publishers, student-focused merchants, and corporations and government organizations. The software consists of multiple products: Learn, Transact, Engage, Connect, Mobile, Collaborate and Analytics that are offered as bundled software and standalone software. In order to offer these sophisticated software programs, Blackboard, Inc. maintains a sizeable workforce of no less than two employees who are engaged in commerce, produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce. For instance, there are employees of Blackboard that sell software in interstate commerce. Additionally, there are employees who design software and who operate in interstate commerce.

4. At all times material herein, Blackboard has had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

5. The Plaintiff was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, and Plaintiff would utilize the mail and/or telephone to carry out her assigned employment tasks.

6. Accordingly, subject matter jurisdiction exists because the Plaintiff is: (a) either subject to individual coverage; and/or (b) are employed by the Defendant, a single enterprise, which satisfies the enterprise coverage provisions under the FLSA.

7. Defendant has been at all times material herein an "employer" within the meaning of the FLSA, and the D.C. Minimum Wage Act, 29 U.S.C. § 203(d) and D.C. CODE ANN. § 32-1002(3) respectively.

8. Venue is proper.

9. This Court has federal question jurisdiction to hear Plaintiff's FLSA claims see 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's claims arising under the D.C. Minimum Wage Act.  28 U.S.C. § 1367.

## Factual Allegations

10. For purposes of Plaintiff's FLSA and the D.C. Minimum Wage Act claims, and at all times relevant to the events alleged in this complaint, the Plaintiff was an employee of the Defendant.

11. Plaintiff became employed with the Defendant since August of 2010.

12. Throughout her employment, the Plaintiff worked at the worldwide corporate headquarters of Blackboard, and she was primarily involved in paralegal work, i.e., maintaining corporate records, coordinating with Blackboard team members (including attorneys), and filing appropriate forms and reports.

13. Plaintiff exercises no independent judgment concerning matters of significance.  For example, Plaintiff does not write letters or memos containing recommendations as to legal matters, performs no legal research and recommends no course of action, and certainly makes no decisions concerning the legal affairs at Blackboard.

14. Plaintiff was paid a salary.

15. At various times, Plaintiff worked in excess of a forty hour work weeks. Defendants required and knowingly permitted the Plaintiff to work hours greater than 40 hours each statutory work week.

16. Nevertheless, Defendants only paid the Plaintiff her salary and failed to pay the Plaintiff overtime owed, while in Defendants' employ.

17. Plaintiff was not exempt from the overtime requirements of the FLSA or the D.C. Minimum Wage Act.

18. Plaintiff and Blackboard have executed a tolling agreement covering the period of time from October 8, 2014 through December 31, 2014 to allow both parties to investigate this matter; however, discussions have concluded and Defendants have refused to pay the Plaintiff for all overtime hours worked, despite demand that they promptly do so.

### Causes of Action

### COUNT I
### (FLSA - Failure to Pay Overtime)

19. Plaintiff incorporate paragraphs 1-18 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of Section 7(a)(1) of the FLSA, because Defendant - at all times during the Plaintiff's employment – has failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, as required by Federal law and applicable Federal regulations.

20. Willfulness may be inferred based on the simple fact that Plaintiff literally worked for attorneys who were knowledgeable and experienced in employment law, including wage/hour matters such as this one.

## COUNT II
### (D.C. Minimum Wage Act - Failure to Pay Overtime)

20. Plaintiff incorporates paragraphs 1-19 as set forth above, and states that Defendant's actions complained of herein constitute a violation of § 32-1003 (overtime), because Defendant - at all times during the Plaintiff's employment – has failed and otherwise refused to compensate Plaintiff for hours in excess of forty hours in a work week at a rate of not less than one and one-half (1 ½) times the Plaintiff's regular rate of pay, as required by D.C. law and applicable D.C. regulations.

## Prayer

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Enter a Judgment against Defendant in favor of the Plaintiff, reflecting all unpaid overtime determined by a Jury to be due and owing to the Plaintiff under the FLSA and D.C. Minimum Wage Act, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage premiums awarded to Plaintiff;

(b) Award Plaintiff her attorneys' fees and costs in pursuing this action;

(c) Award Plaintiff interest on any sums determined due and owing from Defendant;

(d) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Attorney at Law
Fed. Bar. No. 977135
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)
hhoffman@hoholaw.com

## Jury Demand

The Plaintiff, by her attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq